UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHANE ROBINSON and ISAIAH JANVIER,　　　　　Case No. 17-CV-1029-ILG-PK

　　　　　　　　　　　　　　Plaintiff,　　　　　　　　　**AMENDED**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**COMPLAINT**
　　-against-
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Jury Trial Demanded
THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICER SCOTT HUGHES, POLICE
OFFICER WILLIAM BOORAS; POLICE
OFFICER ALICIA COMMISSO; LIEUTENANT
JARED HOSPEDALES, all sued individually and
in their official capacities,
　　　　　　　　　　　　　　Defendant(s).
-----------------------------------------------------------------X

　　Plaintiffs, Shane Robinson and Isaiah Janvier, by their attorneys, Kreisberg & Maitland, LLP, as and for their Amended Complaint herein, allege as follows:

### INTRODUCTION

　　1.　　On September 10, 2014, at about 9:00 p.m., plaintiffs were parked in front of the Janvier family home, in Isaiah Janvier's mother's car, waiting for his father to come out to be driven to work. At that time and place Defendant Police Officers Hughes, Booras and Commisso confronted them and a third vehicle occupant, Shalim C.[1], ordered the three teenagers out of the vehicle, searched them and then arrested them without probable cause to believe that any of the three young men had committed or were committing any crime or any other violation of law. In making the arrest, the defendant police officers relied solely on the falsely claimed surrender of a partially consumed marijuana cigarette by one of the three young men they arrested. Notably, the

---

1　Shalim C. was a juvenile at the time. His last name is redacted in this complaint.

police could not identify the defendant who allegedly produced the cigarette, nor describe his attire, nor did they make any such identifying entry in their reports.

2. Plaintiffs and Shalim C. were charged with Criminal Possession of Marihuana in the Fifth Degree, (New York Penal Law§221.10(1)), a Class B Misdemeanor, in the Queens County Criminal Court under Docket Nos. 2014QN059325, 2014QN059326, 2014QN059327. After their motion to suppress the cigarette allegedly surrendered to the police was granted by the Queens County Criminal Court, all charges against Shane Robinson, Isaiah Janvier and Shalim C. were dismissed.

## PRELIMINARY STATEMENT

3. This is a civil action for damages to redress the deprivation under color of state law of rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs are two of three teenagers who were falsely arrested and maliciously prosecuted based on racial profiling and fabricated evidence. The wrongful criminal prosecution of the plaintiffs was terminated by the Queens County Criminal Court after a hearing where defendant Hughes and plaintiff Janvier both testified. The Court suppressed and precluded the marijuana cigarette allegedly seized from the plaintiffs and the criminal case was then dismissed on motion of the District Attorney.

4. Defendant police officers, acting in concert, conspired to and did fabricate evidence, falsify NYPD records, execute a false accusatory instrument for filing with the Queens County Criminal Court, and testified falsely at the suppression hearing.

5. Shane Robinson and Isaiah Janvier bring this action against Police Officer Scott Hughes, Shield No. 9264, Police Officers Booras and Commisso and then Sergeant and now Lieutenant Jared Hospedales, all sued here individually and in their official capacities as

members of the NYPD and employees of the City of New York, to redress the violation and deprivation of their constitutional rights and for conspiring against plaintiffs and subjecting them to racial profiling, selective enforcement, the fabrication of evidence, the falsification of police reports and the presentation of false testimony in court at the suppression hearing, thereby denying or attempting to deny plaintiffs equal protection and due process of law and their rights to a fair trial, and thereby causing the false arrest and malicious prosecution of the plaintiffs.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a) (1), (a)(3) and (a)(4) and 1367, which confer original jurisdiction in this court of all claims brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1985, and because this case arises under the Constitution and laws of the United States.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c).

## PARTIES

8. Plaintiff, Shane Robinson, is a citizen of the United States. He resides in the State of New York, County of Queens.

9. Plaintiff, Isaiah Janvier, is a citizen of the United States. He resides in the State of New York, County of Queens.

10. The City of New York is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by New York State Law, the New York City Charter and the Administrative Code of the City of New York. Defendant City of New York ("City"), and was at all times relevant hereto the employer of the individual defendants.

11. The New York City Police Department ("NYPD"), at all times relevant hereto, exercised and enforced the laws of the State and City of New York for and as part of defendant

City. NYPD is responsible for hiring, training, monitoring and supervising the activities of all of the employees and members of the police force of the City, including the individual defendants herein.

12. Police Officer Scott Hughes, Shield No. 09264, then assigned to NYPD Patrol Borough Queens South ("PBQS"), participated in the seizure, search and arrest of the plaintiffs on September 10, 2014, fabricated evidence against them, signed a false criminal complaint against them on September 29, 2014, and testified falsely in the Queens County Criminal Court at a suppression hearing on March 27, 2015.

13. Police Officers Booras and Commisso also then of PBQS, participated in the seizure, search and arrest of the plaintiffs on September 10, 2014, and failed to intervene to prevent or report the misconduct of defendant Officer Hughes.

14. Former Sergeant Jared Hospedales, was at all times relevant hereto a member of the NYPD, and an employee of the City. Upon information and belief, Sgt. Hospedales approved the arrest of the plaintiffs, supervised Police Officers Hughes, Booras and Commisso, and approved the arrest paperwork and criminal prosecution of the plaintiffs.

15. Police Officer Alicia Commisso, Shield No. 08921, was at all times relevant hereto a member of the NYPD and an employee of the City of New York and was assigned to the NYPD's Patrol Borough Queens South (PBQS). Officer Commisso participated in the seizure, search and arrest of the plaintiffs on September 10, 2014, and failed to intervene to prevent or report the misconduct of defendant Officer Hughes.

16. Police Officer William Booras, Shield No. 28439, was at all times relevant hereto a member of the NYPD, an employee of the City of New York and was assigned to the NYPD's Patrol Borough Queens South (PBQS). Officer Booras participated in the seizure, search and

arrest of the plaintiffs on September 10, 2014 and failed to intervene to prevent or report the misconduct of defendant Officer Hughes.

## FACTS UNDERLYING PLAINTIFFS' CLAIMS

17. On September 10, 2014, at about 9:00 p.m., plaintiff Isaiah Janvier was lawfully operating his mother's vehicle, and parked in front of his family's home on a dead-end street in Queens County. Plaintiffs, Shane Robinson and Sahlim C., were passengers in the vehicle.

18. None of the three young men had committed nor were any of them committing any crime or other violation of law. In fact, they were simply waiting for plaintiff Isaiah Janvier's father to exit the family home so Isaiah could drive him to work.

19. Three Caucasian, uniformed police officers then approached the Janvier car and, without explanation, inquiry or accusation, ordered the three boys, all of whom are black, out of the vehicle. Plaintiff Janvier and Sahlim C. were immediately seized, searched, handcuffed and arrested. Plaintiff Robinson, who had just been released from the hospital after surgery and was in a full-leg cast, was then seized, handcuffed and arrested. No contraband was recovered from the person of any of the three arrestees, nor from the Janvier vehicle.

20. After plaintiff Janvier had already been searched and rear-handcuffed, his mother came out of the home and asked the police why her son had been arrested. She got no answer.

21. The defendant police officers did not have probable cause to seize, search or arrest either of the plaintiffs, Salim C. or the Janvier vehicle.

22. At all times relevant hereto, the defendant police officers were employees of the City and members of the NYPD. They were on duty, they acted under color of New York State law, and they acted within the scope and during the course of their employment.

23. The plaintiffs and Sahlim C. were there upon transported in the custody of

defendant Hughes and other police officers to the 113th NYPD Precinct in Queens, where they were photographed, fingerprinted and issued "Desk Appearance Tickets" charging them with violating New York Penal Law § 221.10(1), Criminal Possession of Marihuana in the Fifth Degree, (a Class A Misdemeanor) and directing them to appear in the Queens County Criminal Court for arraignment on November 18, 2014, which they did.

24. Upon information and belief, at the 113th NYPD Precinct, defendant Hughes falsely completed or caused false NYPD arrest paperwork to be completed concerning the arrest of the plaintiffs and Sahlim C., knowing that his supervisors would rely thereon and intending them to rely on such documents in determining whether to proceed with the arrest and prosecution of the plaintiffs and Sahlim C.

25. Upon information and belief, defendant Sergeant Hospedales either knew or should have known that the defendant police officers had falsely arrested plaintiffs and Sahlim C. and that Officer Hughes had falsely completed NYPD paperwork concerning the arrests and fabricated evidence.

26. Upon information and belief, defendant Sergeant Hospedales either failed to supervise or negligently supervised defendant Hughes and his fellow defendant police officers in relation to the arrest of the plaintiffs and of Shalim C.

27. On or about September 29, 2014, defendant Police Officer Hughes signed and swore to a first-party criminal complaint falsely alleging that "he smelled the strong odor of marijuana emanating from said vehicle" (Janvier's 2002 Ford). Defendant Hughes also falsely swore that he "was handed a partially burned marijuana cigarette by one of the defendants." In court, he could not identify which defendant allegedly handed it to him, nor did he do so in his personal memo book or in any NYPD reports.

28. Defendant Hughes signed the Criminal Complaint under a printed admonition that:

> FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
> PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
> TO SECTION 210-45 OF THE PENAL LAW

29. Defendant Hughes knew that the allegations in the Complaint he signed were false and knew or should have known that the Complaint would be relied upon by the Queens County District Attorney, and later by the Court, in accepting the filing of the Complaint and in all subsequent court proceedings.

30. Upon information and belief, defendant Police Officers Booras and Commisso either knew that the Criminal Complaint signed by defendant Hughes was false, or deliberately chose to remain ignorant as to the truth of the allegations in the Complaint.

31. Plaintiffs appeared for arraignment as required and entered not guilty pleas. A hearing was held on their Motion to Suppress on March 27, 2015 before Judicial Hearing Officer Robert McGann in the Queens County Criminal Court. Defendant Hughes and plaintiff Janvier both testified at the suppression hearing.

32. By Decision and Order dated June 9, 2015, Queens County Criminal Court Judge John Zoll adopted Judicial Hearing Officer McGann's Findings of Fact and Conclusions of Law and held that:

> *The people have failed their burden of proof, and further, that the defendant (sic.) has succeeded in establishing by a preponderance of the evidence that the police seizure was illegal. As such, defendants' Motion is granted and the people are precluded from introducing such evidence at trial.*

33. Notably, at the Suppression Hearing, defense counsel and JHO McGann agreed that the issue to be decided had been narrowed to whether defendant Hughes had fabricated evidence and testified falsely(e.g), whether he had in fact lied under oath.

34. The Court's decision was released to the parties in court on June 30, 2015, whereupon all charges against plaintiffs Janvier, Robinson and Sahlim C. were then dismissed on the District Attorney's motion.

35. Upon information and belief, plaintiffs and Sahlim C. were targeted by the defendant police officers because of their race and age.

36. Upon information and belief, at all times relevant hereto, it was the policy, custom and practice of the NYPD's Patrol Borough Queens South to racially profile and unlawfully stop, seize, search and arrest teenage black males, as they did here.

37. Upon information and belief, the City and the NYPD knew or should have known of and acted to stop the racial profiling, targeting, unlawful search and wrongful arrest of black teens that had become a matter of policy, custom and practice by officers and supervisors in the NYPD's Patrol Borough Queens South.

38. Upon information and belief, the City and the NYPD either negligently failed to detect or chose not to intervene in, deter or sanction racial profiling and targeting by PBQS officers, which failure to act condoned, abetted and encouraged the unlawful conduct complained of herein.

39. Upon information and belief, after the suppression and preclusion of evidence by the Queens Criminal Court herein, neither the City nor the NYPD undertook any investigation of the misconduct of the defendant police officers and Sergeant Hospedales and took no action to sanction or retrain any of them.

## **CLAIMS FOR RELIEF**

### First Claim for Relief Against All Defendants – Deprivation of Civil Rights of Plaintiff Robinson

40.     Plaintiff Shane Robinson repeats and reallege each and every allegation set forth in Paragraphs numbered "1" through "39" hereof as though fully set forth at length herein.

41.     All of the foregoing acts, omissions and failures to intervene of defendants, their agents, servants, employees and accomplices were carried out under color of New York State law and during the course and within the scope of their city employment.

42.     The aforesaid acts, omissions and failures to intervene deprived plaintiff Shane Robinson of the rights, privileges and immunities guaranteed him by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, all in violation of 42 USC §1983.

43.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct consistent with and constituting a custom, practice, policy and procedure of the City and the NYPD to racially profile and target teenage black males within the patrol area of PBQS.

44.     As a result of the aforesaid acts, omissions, customs, practices, policies and procedures, plaintiff Shane Robinson was forced to return to court on six separate dates, as a result of which he missed school and work on each date.

45.     As a result of the foregoing, plaintiff Shane Robinson endured emotional, mental and psychological distress, anguish, pain and suffering for which he has been and continues to be in treatment and he lost wages. He has been damaged in an amount to be determined at trial.

### Second Claim for Relief Against All Defendants –

### Deprivation of Civil Rights of Isaiah Janvier

46. Plaintiff Isaiah Janvier repeats and reallege each and every allegation set forth in Paragraphs numbered "1" through "45" hereof as though set forth fully at length herein:

47. All of the foregoing acts, omissions and failures to intervene of defendants, their agents, servants, employees and accomplices were carried out under color of New York State law and during the course and within the scope of employment.

48. The aforesaid acts, omissions and failures to intervene deprived plaintiff Isaiah Janvier of the rights, privileges and immunities guaranteed him by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, all in violation of 42 USC §1983.

49. Defendants, collectively and individually, while acting under color of state law, engaged in conduct consistent with and constituting a custom, practice, policy and procedure of the City and the NYPD to racially profile and target teenage black males within the patrol area of PBQS.

50. As a result of the foregoing, plaintiff Isaiah Janvier has endured and continues to endure embarrassment, humiliation, anxiety and emotional and psychological pain and suffering and has thereby sustained damages in an amount to be determined at trial.

### Third Claim for Relief Against Defendants Hughes, Booras and Commisso – Conspiracy to Commit False Arrest

51. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs numbered "1" through "50" hereof as though fully set forth at length herein.

52. On September 10, 2014 defendant police officers Hughes, Booras and Commisso seized, searched, handcuffed and arrested plaintiffs without probable cause or any lawful basis to do so.

53. Defendant police officers Hughes, Booras and Commisso intended to and did confine the plaintiffs and deprived them of rights, privileges and immunities guaranteed them by the United States Constitution.

54. At all times after their arrest the plaintiffs were detained and confined against their will and knew they were so detained.

55. Because defendants Hughes, Booras and Commisso lacked probable cause to arrest and detain the plaintiffs, their arrest and detention was unreasonable within the meaning and in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

56. As a result of the foregoing, defendants conspired to and did deprive plaintiffs of their civil rights for which plaintiffs sustained and are entitled to recover monetary damages pursuant to 42 USC § 1985(3) in an amount to be determined at trial.

### Fourth Claim for Relief Against Defendants Hughes, Booras and Commisso – Conspiracy to Commit False Imprisonment

57. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs numbered "1" through "56" hereof as though fully set forth at length herein.

58. On September 10, 2014, defendant police officers falsely arrested plaintiffs, transported them to the 113th NYPD Precinct, and confined them there against their will for at least four hours.

59. Defendants' acted as co-conspirators and their conduct as aforesaid constituted false imprisonment of the plaintiffs.

60. As defendants lacked probable cause, their actions were unreasonable within the meaning and in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United

States Constitution, and thereby violated plaintiffs' right under 42 U.S.C. §1983 and § 1985.

61.     As a result of the foregoing and in accordance with 42 USC § 1985 (3), plaintiffs sustained and are entitled to recover damages in an amount to be determined at trial.

### Fifth Claim for Relief Against All Defendants - Conspiracy of Silence and Failure to Intervene

62.     Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs numbered "1" through "61" hereof as though fully set forth at length herein.

63.     On September 10, 2014, defendant Police Officer Hughes arrested plaintiffs and Sahlim C. without probable cause in the presence and with the assistance of Police Officers Booras and Commisso, each of whom, upon information and belief, knew that there was no probable cause to arrest either of the plaintiffs. As such, defendants Police Officers Booras and Commisso had an affirmative duty to intervene to prevent and/or report the unlawful arrests of the plaintiffs; yet each failed to do so. As such they were all co-conspirators who contributed to the deprivation of plaintiffs' civil rights.

64.     Instead of intervening, defendant Police Officers Booras and Commisso actively aided, abetted and assisted in the unlawful seizure, search and arrest of the plaintiffs and thereafter stood silent knowing that the plaintiffs were wrongfully and unlawfully subjected to the fabrication of evidence, false arrest, and arrest processing and were then issued Desk Appearance Tickets requiring them to appear in court to defend false, baseless and fabricated charges.

65.     In failing to intervene to prevent the aforesaid wrongful and unlawful arrest and prosecution of the plaintiffs, defendant Police Officers Booras and Commisso acted consistently with the custom, policy, practice and procedure of the NYPD's PBQS.

66. Upon information and belief, defendant Sergeant Hospedales knew or should have known that plaintiffs were unlawfully arrested and falsely charged, yet failed to intervene to prevent this.

67. Defendants NYPD and City knew or should have known that it was the practice, policy, custom and procedure of PBQS police officers to fail to intervene to prevent false arrests and unlawful prosecutions in and by fellow PBQS police officers and took no steps to deter and change such practices.

68. As a result of the foregoing failures to intervene, the plaintiffs were falsely arrested, falsely imprisoned, falsely charged and maliciously prosecuted, all in violation of their rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. § 1983 and § 1985.

69. As a result of the foregoing, plaintiffs have been sustained and are entitled to recover damages in an amount to be determined at trial.

### Sixth Claim for Relief Against All Defendants – Conspiracy to Commit Malicious Prosecution

70. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs numbered "1through69" hereof as though fully set forth at length herein.

71. As a result of the false arrest of plaintiffs, the false complaint sworn to by defendant Hughes, and the failures of defendants City, NYPD, Hospedales, Booras and Commisso to intervene, the Queens County District Attorney prosecuted the plaintiffs for allegedly violating New York Penal Law § 210.10(1) based on false information provided and sworn to by defendant Hughes.

72. Plaintiffs were required to appear in court on six separate dates during the period

from November 18, 2014 through June 30, 2015 when the criminal case against them was dismissed, including participating in a suppression hearing on March 27, 2015 at which plaintiff Janvier and Defendant Hughes both testified. Throughout such time, plaintiffs had to live under the cloud of a baseless criminal prosecution and to live with the fear of conviction and punishment for a crime they did not commit.

73. At all times during the criminal prosecution of the plaintiffs, the defendants knew or should have known that plaintiffs were actually innocent of the offense for which they were charged. As such, defendants acted with malice and, because of their actions and failures to act as aforesaid are jointly and severally liable as co-conspirators.

74. Defendants Hughes, Booras, Commisso and Hospedales acted as employees of the City, within the scope and during the course of their employment and under color of state law. As such, defendants violated plaintiffs' rights protected by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and § 1985.

75. As a result of the foregoing, plaintiffs suffered and are entitled to recover damages in an amount to be determined at trial.

### Seventh Claim for Relief Against Defendants Hughes, Booras and Commisso– Conspiracy

76. Plaintiff repeat and reallege each and every allegation set forth in Paragraphs numbered "1 through 75" hereof as though fully set forth at length herein.

77. Defendants Hughes, Booras and Commisso all had actual knowledge that plaintiffs were actually innocent when arrested on September 10, 2014; but upon information and belief, nevertheless knowingly and consciously conspired to arrest and prosecute plaintiffs for a crime defendants knew plaintiffs had not committed.

78. As such, and on information and belief, said defendants acted willfully, and reached and implemented an unlawful agreement, understanding and meeting of the minds that violated plaintiffs' rights protected by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S. C. § 1983 and § 1985.

79. As a result of the foregoing, plaintiffs have been damaged in an amount to be determined at trial.

### Eighth Claim for Relief Against Police Officers Booras, Commisso and Hospedales – Failure to Report

80. Plaintiffs repeat and reallege each and every allegations in Paragraphs "1" through "79" hereof as though fully set forth at length herein.

81. Defendants Booras, Commisso and Hospedales as employees of the City of New York, each had an affirmative obligation to report Defendant Hughes' unlawful conduct to the NYPD, to the City's Department of Investigation, or both.

82. Defendants failed to report the above-mentioned corrupt, criminal and wrongful conduct described herein.

83. As a result of the foregoing, plaintiffs sustained and are entitled to recover damages in an amount to be determined at trial.

### Ninth Claim for Relief Against All Defendants – Conspiracy to Make False Statements and Reports

84. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs "1" through "83" hereof as though fully set forth at length herein.

85. Defendant Hughes knowingly completed or caused false NYPD arrest reports to be completed and signed a criminal complaint containing false statements, in violation of New York Penal Law § 210.45, knowing that the Complaint would be filed with the Queens County

Criminal Court and relied upon by the Court and the District Attorney. His fellow officers and their Supervisor, then Sergeant Jared Hospedales, all knew or should have known that defendant Hughes' statements and reports were false and, in any event, they are all bound by the acts of their co-conspirators.

86. On March 27, 2015, defendant Police Officer Hughes knowingly and deliberately gave false testimony at a suppression hearing held before Judicial Hearing Officer Robert McGann, falsely testifying, in part, that he smelled a strong odor of marijuana emanating from plaintiff Janvier's car on September 10, 2014; and, further, that one of the three young men he arrested, whom he could not identify by name, or visually in court, had handed him a partially burned marijuana cigarette.

87. As a result of the foregoing, plaintiffs' rights protected by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and § 1985 were violated.

88. As a result of the foregoing, plaintiffs sustained and are entitled to recover damages in an amount to be determined at trial.

### Tenth Cause of Action: Failure to Train/ Supervise/ Discipline –Defendant City

89. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs "1" through "88" hereof as though fully set forth at length herein.

90. Defendant City of New York, acting through the New York Police Department, at all times relevant hereto had and maintained actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, lawful search of individuals

and/or their properties, the seizure, voucher and/or release of seized properties, the obligation not to promote or condone the falsification of evidence, or perjury and/or not to assist in the prosecution of innocent persons as well as their obligation to effect an arrest without probable cause.

91.     The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct or the failure to act to remedy same.

92.     The named individual defendants, and other officers of the NYPD assigned to the PBQS have reportedly performed warrantless searches and made unlawful arrests charging innocent persons with various crimes and/or offenses.

93.     Defendant City of New York maintained the above described policies, practices, customs or usages by failing to intervene despite knowing, or willfully ignoring evidence that the aforesaid policies, practices, custom or usages of PBQS led to and/or condoned improper conduct by its police officers and their superiors. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

94.     The actions of defendants, acting under color of New York State law, deprived plaintiffs of their due process rights, and their rights, remedies, privileges, and immunities under the laws and Constitution of the United States, in particular, the right to be secure in their persons and property, to be free from the abuse of police power and from racial profiling, and to due process, including a fair trial and equal protection under the law.

95.     By their actions, defendants have deprived plaintiffs of rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42

U.S.C. § 1983 and § 1985 and so plaintiffs' sustained and are entitled to recover damages in an amount to be determined at trial.

### Eleventh Cause of Action: 42 U.S.C. § 1985 – Conspiracy - Defendants Hughes, Booras and Commisso

96. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs numbered "1" through "95" hereof as though fully set forth at length herein.

97. On information and belief, in an effort to justify the arrest and prosecution of the plaintiffs, the defendant officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983 and § 1985, and by the First, Fourth, Fifth and Fourteenth Amendments to United States Constitution and committed numerous over acts in furtherance of such conspiracy, as set forth above.

98. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiffs of their constitutional and federal rights in violation of 42 U.S.C. § 1985.

99. As direct and proximate result of the misconduct, abuse of authority and conspiracy detailed herein, plaintiffs sustained and are entitled to recover damages in an amount to be determined at trial.

### Prayer for Relief

WHEREFORE, plaintiffs pray for the following relief:

(a) Compensatory Damages in an amount to be determined at trial;

(b) Punitive Damages in an amount to be determined at trial;

(c) Prejudgment Interest;

(d) Reasonable Attorneys' Fees;

(e)     Costs and Expenses; and

(f)     Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        August__, 2017

                              KREISBERG & MAITLAND, LLP
                              Attorneys for Plaintiffs
                              75 Maiden Lane, Suite 603
                              New York, New York 10038
                              (212) 629-4970

                              By: _____
                                     Gary Maitland (GM 8763)